UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAW VALE COLEMAN,

        Plaintiff,

v.                             Case No. 3:19-cv-318-J-39PDB

MARK S. INCH et al.,

        Defendants.
_____

**ORDER**

The plaintiff, an inmate without a lawyer, sues twenty-six defendants for alleged constitutional and state law violations. Doc. 4.[1]

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Labels, conclusions, and formulaic recitations of the elements, and

---

[1]The plaintiff identifies twenty-six individuals in his causes of action but only twenty-three in the list of parties. See Doc. 4 at 2, 11–17.

"naked" assertions are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court must hold a pro se plaintiff to a less stringent standard than a lawyer. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). If a more carefully drafted complaint might state a claim, a court must afford a pro se plaintiff at least one chance to amend the complaint before the court may dismiss it with prejudice. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). A court may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662.

The amended complaint includes some factual allegations. But it remains deficient because it fails to allege facts about each defendant, fails to allege facts to connect each defendant to each cause of action, asserts causes of action against defendants who are not listed as parties in section I, includes conclusory assertions unsupported by factual allegations, and fails to specify which factual allegations support which causes of action.

To proceed, the plaintiff must file an amended complaint. In amending the complaint, he must consider the following law.

First, to state a claim for deliberate indifference in violation of the Eighth Amendment, a plaintiff must allege facts showing a prison official "actually (subjectively) knows [he] is

facing a substantial risk of serious harm, yet disregards that known risk by failing to respond to it in an (objectively) reasonable manner." Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007). A prisoner's vague, generalized, and unsubstantiated reports of fear do not put prison officials on notice that he faces a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). A prisoner claiming cruel and unusual prison conditions must allege facts showing an "extreme deprivation violating contemporary standards of decency." Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010) (internal quotation marks omitted).

Second, supervisory liability has been rejected as a theory of recovery under § 1983. A supervisor cannot be held liable under § 1983 under respondeat superior or vicarious liability. Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), abrogated on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). For supervisory liability under § 1983, the supervisor must personally participate in the alleged constitutional violation or there must be a causal connection between the supervisor's actions and the alleged constitutional deprivation. Id.

Third, "an inmate has no constitutionally-protected liberty interest in access to" a prison's grievance procedure. Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Accordingly, a claim

3

under § 1983 that a prison's grievance procedures are inadequate is frivolous. Id.

Fourth, threatening language and gestures are not constitutional violations. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). A claim that a prison official was mean to a prisoner is frivolous.

Finally, serving time in disciplinary confinement implicates no constitutionally protected liberty interest sufficient to support a due process claim unless the confinement imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

If the plaintiff files an amended complaint:

1. The amended complaint must state the full name of each defendant (to the extent the plaintiff knows the full name) in both the case caption and the listing of "Parties to This Complaint" in § I.B.

2. The individuals identified in the caption must match those listed in § I.B.

3. The amended complaint must provide current addresses for each defendant.

4. The amended complaint must specify which cause of action is against which defendant.

5. The amended complaint must name as defendants only individuals who are responsible for the alleged constitutional or state-law violations.

6. The amended complaint must allege facts about each defendant that make plausible the claim against

that defendant. **A legal conclusion does not suffice**. An example of a factual allegation is, "The light was red." An example of a legal conclusion is, "The defendant was negligent."

7. The amended complaint must allege facts that connect each defendant to the alleged injury.

8. Under "Relief," there must be a statement of what the plaintiff seeks through this action.[2]

9. The plaintiff must sign and date the amended complaint after this statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing an amended complaint, the plaintiff must ensure his factual allegations are true and he has not knowingly made a false factual allegation. He must neither exaggerate nor distort any fact; instead, he must truthfully allege the facts

---

[2]The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

5

underlying his claims. Knowingly making a false material declaration violates 18 U.S.C. § 1623 and is punishable by a fine, imprisonment, or both.

By **October 31, 2019,** the plaintiff must mail the Court (1) the second amended complaint and any exhibits; and (2) for each defendant, a copy of the second amended complaint and any exhibits. If the plaintiff fails to comply with this order, the Court may dismiss the case.

**Ordered** in Jacksonville, Florida, on September 24, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Jax-6 8/30
c:
Shaw Vale Coleman